UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD J. HANBACK,

    Plaintiff,

v.                                      Case No. 8:12-CV-2589-T-30MAP

CAROLYN W. COLVIN,
Commissioner of Social
Security

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of an administrative decision denying him supplemental security income ("SSI"). Plaintiff argues that the Administrative Law Judge (ALJ) erred by failing to recognize all of his impairments, failing to properly consider the opinions of two state agency physicians, utilizing the wrong standard, improperly analyzing the lay testimony, offering an incomplete hypothetical to the vocational expert, and showing prejudice against his smoking habit. After consideration, I find the ALJ's decision followed the regulatory scheme and is supported by substantial evidence. Accordingly, I recommend that the Commissioner's decision be affirmed and the Plaintiff's complaint be dismissed.[1]

*A. Background*

Plaintiff was forty-eight years old at the time of the ALJ's decision. He has a tenth grade education and past work experience as a painter. Plaintiff alleges disability beginning January 1,

---

[1] The parties consented to my jurisdiction (doc. 13). *See* 28 U.S.C. § 636(c).

2004, with a protective filing date of November 4, 2009 (R. 137), due to chronic obstructive pulmonary disease (COPD), asthma, depression, dizziness, disorder of the back, and chest pain. The ALJ opined that Plaintiff suffers from severe impairments of asthma, COPD, disorders of the back and neck, and foot problems, but retained the residual functional capacity to perform less than a full range of light work (R. 16). The ALJ considered the Plaintiff's age, education work experience, and residual functional capacity, and opined that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform (R. 20). These include the light jobs of cashier, fast food worker, and office helper, as well as the sedentary jobs of telemarketer, assembler/ packer, and order clerk (R. 20). The Appeals Council denied Plaintiff's request for review, and Plaintiff filed an appeal to this Court. The case is now ripe for review.

### B. Standard of Review

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR § 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not re-weigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C. Discussion

        1. impairments

The Plaintiff asserts that the ALJ erred at step two by failing to find his chronic bronchitis a severe impairment. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987) (claimant bears burden of showing "at step two that he has a medically severe impairment or combination of impairments). A claimant must offer more than merely his own subjective complaints of an impairment; the regulations specify that "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled." 20

C.F.R. §§ 404.112(c), 416.912(c); *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (noting plaintiff is responsible for producing evidence in support of his or her claim).  In his written opinion, the ALJ found that the Plaintiff suffers from the severe impairments of asthma, COPD, disorders of the neck and back, and foot problems (R. 14).  COPD is a "general term for chronic, non-reversible lung disease that is usually a combination of emphysema and chronic bronchitis."  Barron's *Dictionary of Medical Terms,* 2d ed. (1989).  Though Plaintiff is concerned that the ALJ attempted to minimize his breathing problems by failing to recognize chronic bronchitis in addition to COPD, I find the allegation without merit.  The consultative doctor who diagnosed Plaintiff with chronic bronchitis concluded he suffers from "1.  Chronic obstructive pulmonary disease/chronic bronchitis  2. Asthma   3.  Back Pain.  4.  Neck Pain.  5.  Status post left foot fracture."  (R. 252).  The ALJ addressed each of these five diagnoses in his decision, and opined that the Plaintiff "has the following severe impairments: asthma, chronic obstructive pulmonary diease ("COPD"), disorders of the neck and back, and foot problems."  (R. 14 (citing 20 C.F.R. §416.920(c)).

Moreover, even assuming the ALJ erred in failing to identify Plaintiff's chronic bronchitis as a separate severe impairment, his failure to do so was harmless.  The reason is that the finding of *any* severe impairment is enough to meet the demands of step two.  *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987); *Luckey v. Astrue,* 2008 WL 4200144 at *5 (M.D. Fla. 2008) (failure to find an impairment severe can be harmless if the ALJ considers the functional limitations of the impairment at later steps of the evaluation).  Thus, by finding the Plaintiff suffered multiple severe impairments and proceeding to the next step of the analysis, the ALJ abided by his regulatory demands at step two.  In considering the Plaintiff's impairments at

step three, the ALJ opined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 C.F.R. §§416.920(d), 416.925 and 416.926)." (R. 15). I find the ALJ did not err in failing to separately discuss chronic bronchitis since he adequately addressed the Plaintiff's chronic breathing and lung problems. I find the ALJ properly considered the Plaintiff's alleged impairments both singularly and in combination as required by the applicable regulations.

Plaintiff also asserts that the ALJ should have recognized his non-exertional impairments of medication side effects and fatigue. Plaintiff testified at the hearing that he experiences dizziness, shaking, and lightheadedness from using his nebulizer. He also testified that he needs to lay down 30-40% of each day due to fatigue (R. 47-48). However, his medical records are devoid of any mention of these problems. An impairment is "not severe" if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); SSR 85-28 (1985). In find no error in this regard.

    2. *state agency physicians*

Two of Plaintiff's contentions of error relate to the ALJ's consideration of state agency medical consultants. First, Plaintiff contends the ALJ erred by "bas[ing] his entire analysis upon the medical opinion from a State Agency physician [Dr. Patty] to whom he gives some weight, not otherwise specified." (Doc. 15, p.4) Plaintiff also contends that "To not mention or state what weight the opinion of Dr. Shefsky is going to be given is totally improper." (Doc. 15, p.5)

5

As set forth below, I find the ALJ properly considered the medical evidence, including the reports of the state agency consultants. *See* 416.927(e)(2)(I) (state agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions).

Dr. Patty performed a physical residual functional capacity assessment on Plaintiff and opined that he is capable of lifting and carrying 20 pounds occasionally and ten pounds frequently. Dr. Patty opined that Plaintiff can stand, sit, and/or walk six hours in an eight-hour workday. Dr. Patty found Plaintiff has some postural limitations, and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The ALJ, recognizing that Dr. Patty is non-examining and not entitled to as much weight as an examining or treating physician, indicated that Dr. Patty's opinions support a finding of "no disability." (R. 16) I find the ALJ properly considered Dr. Patty's RFC assessment in compliance with the applicable regulations.

As to Dr. Shefsky, though the ALJ did not identify Dr. Shefsky by name, he referred to his evaluation numerous times in his decision, and discussed his findings in reaching his RFC determination (R. 14-15, 18). As already discussed in subpart 1 above, the ALJ found all five of Dr. Shefsky's diagnoses severe impairments. The ALJ acknowledged that spirometry tests performed as part of Dr. Shefsky's evaluation revealed severe obstruction (R. 14). The ALJ considered the Plaintiff's pulmonary function in reaching his RFC. Although the ALJ did not specify the weight assigned to Dr. Shefsky's report, at best this is a harmless error. *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability). Dr. Shefsky did not impose any limitations on Plaintiff, and there was no reasons to assign any weight to his consultative report. The ALJ adopted Dr.

6

Shefsky's diagnoses. It is unclear why Plaintiff argues that the ALJ erred in considering Dr. Shefsky's report. Accordingly, I find the ALJ did not err in considering Dr. Shefsky's report, and that substantial evidence supports his decision.

The Plaintiff also indicates generally the ALJ erred by failing to state the weight given to all medical opinions. *See* doc. 15, p.4 ("III. Remand and Reversal Demanded With an Immediation Award of Benefits – failure to State the Weight of All Medical Opinions"). However, Plaintiff fails to explain or support this conclusory assertion, and the two paragraph memorandum of law buttressing subpart III concern only the fact that the Plaintiff is homeless and has a history of a pulmonary embolism "which could be deadly" and the opinions of the non-examining doctor discussed above. My review of the ALJ's decision shows that he properly considered the medical evidence.

### 3. *wrong standards*

Under the heading "Wrong Standards Utilized," Plaintiff mentions that the ALJ erred by concluding his pain and subjective symptoms are not of such frequency and duration to preclude all work, determining he could perform substantial gainful activity ("SGA") on a sustained basis, and applying "sit and squirm jurisprudence" when he questioned whether Plaintiff had difficulty in concentrating during the interview process. I will address each of these assertions individually.

First, Plaintiff posits that the ALJ erred in considering his pain and subjective symptoms. The regulations dictate the ALJ consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means

medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 416.928. "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit's pain standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote*, 67 F.3d at 1561. In his decision, the ALJ set forth this standard, and carefully applied it (R. 17-18). The ALJ discussed the Plaintiff previous work experience, his back pain, his breathing problems, and his reported activities of daily living. The ALJ also discussed Plaintiff's drinking and smoking habits, which were both documented in the medical evidence, and noted Plaintiff's failure to comply with his physician's multiple orders to stop smoking. I find the ALJ properly applied the Eleventh Circuit pain standard, and that his decision is supported by substantial evidence in this regard.

Plaintiff indicates that the ALJ erred in concluding he is capable of SGA on a continuous basis. As the Commissioner states, it seems that the Plaintiff misconstrues both the ALJ's opinions and the applicable regulations regarding SGA. He criticizes the ALJ's statement that he treats his asthma at home with a nebulizer and has never been in the intensive care unit. As the Commissioner explains, the ALJ pointed out these facts to demonstrate that the Plaintiff's

asthma medication effectively controls his symptoms and to undermine the Plaintiff's allegation that his symptoms preclude even light work. As previously discussed, I find the ALJ properly considered the Plaintiff's subjective complaints.

Plaintiff indicates the ALJ engaged in "sit and squirm jurisprudence." (doc. 15, p.6). Specifically, the Plaintiff states that during the hearing the ALJ asked questions about his ability to concentrate and thereby "imposed his own standard about how an individual is supposed to act during the hearing." I have reviewed the hearing transcript. I find that the ALJ did not engage in "sit and squirm jurisprudence." The Eleventh Circuit condemns the use of a "sit and squirm" test. The danger in employing such a test is that the ALJ, who is not a medical expert, subjectively arrives at an index of traits which he expects the claimant to manifest at the hearing. If the claimant falls short of the index, the claim is denied. *See Johns v. Bowen,* 821 F.2d 551, 556 (11th Cir. 1987); *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984); *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir. 1982). Yet, this reasoning must be balanced against the ALJ's prerogative in assessing the claimaint's credibility. In this instance, the ALJ contrasted his observations against the Plaintiff's testimony and the medical record. His observations mirrored what he found in the medical record. *See Norris v. Heckler,* 760 F.2d 1154, 1157 (11th Cir. 1985) (rejecting "sit and squirm" argument because ALJ did not impose his observations in lieu of a consideration of the medical evidence). Accordingly, I find no merit in Plaintiff's accusation that the ALJ in this case engaged inappropriately in "sit and squirm jurisprudence" at the hearing or otherwise.

    *4. lay testimony*

Plaintiff complains that the ALJ should have considered and assigned controlling weight

to the opinions of lay witness, Sharon Hyde (R. 150-157). He asserts that Ms. Hyde's statements are unrefuted and should be taken as true. Ms. Hyde completed a Function Report indicating she is a friend who has known the Plaintiff for five years. She spends one-two hours twice a week with him, and opined without explanation that Plaintiff cannot work (R. 150). She indicates that the Plaintiff cares for her pet(s) when she is out of town, that he prepares soup and sandwiches for himself, that he watches TV, reads, and plays cards, and can pay bills, count change, handle a savings account and use a checkbook / money orders. Ms. Hyde indicates the Plaintiff uses a nebulizer for asthma and COPD. Aside from these responses, all other responses to all of the remaining numerous questions are the same: "don't know."

      The ALJ mentioned that he carefully considered Plaintiff's friend Ms. Hyde's statements. The ALJ states that Ms. Hyde's statement "for the most part, merely corroborates the testimony of the claimant regarding the severity and nature of his symptoms." The ALJ found Ms. Hyde's statement inconsistent with the other substantial evidence, including the objective medical evidence, noting that Ms. Hyde "did not know a majority of the information asked on the form." (R. 18) I find the ALJ properly considered the lay witness testimony, and provided ample support for his decision. And, Ms. Hyde's unsupported opinion that Plaintiff is unable to work is not entitled to any weight since this is an ultimate issue reserved for the Commissioner. *See* 20 C.F.R. §416.927(d). As the Commissioner notes, aside from Ms. Hyde's opinion that Plaintiff is not able to work, nothing else in her statement contradicts the ALJ's RFC assessment.

      5. *VE hypothetical*

      Plaintiff indicates that remand and reversal are necessary because the ALJ posed an incomplete hypothetical to the vocational expert (VE). The Plaintiff states that the hypothetical

included the impairment of COPD but did not include chronic bronchitis. As discussed in subpart 1 above, however, the ALJ found COPD and not chronic bronchitis a severe impairment. He also complains that the hypothetical must also include that he uses a nebulizer (regardless whether he is in air-conditioned areas or not) and that the nebulizer causes dizziness and lightheadedness.

The ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments. *Wind v. Barnhart,* 133 Fed. Appx. 684 (11th Cir. 2005); *Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985). The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *Id.* at 1563. Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *Crawford v. Comm'r of Social Security,* 363 F.3d 1155, 1160-61 (11th Cir. 2004); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Here, the ALJ included those limitation he found credible. Accordingly, I find the ALJ's hypothetical complete and his reliance upon the VE's testimony in response to his questions proper.

6. bias

Plaintiff contends the ALJ used smoking as a defense to preclude a finding of disability. Plaintiff states that the ALJ discussed in his decision that smoking affects the Plaintiff's overall health. *See* R.18. Plaintiff offers no extrajudicial source for her allegation of prejudice. Certainly, Plaintiff is entitled to an impartial ALJ. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996); 20 C.F.R. §404.940 (disqualifying an ALJ who is "prejudiced or partial with respect to any party or has any interest in the matter pending for decision."). The medical evidence is replete with Plaintiff's admission that he smokes, and includes multiple admonitions from

11

treating doctors that Plaintiff stop smoking. At the administrative hearing, the ALJ questioned the Plaintiff about his smoking habit, and discussed it in his opinion. My review of the administrative record, including the administrative hearing, shows no sign of bias or prejudice. I find that Plaintiff has not carried his burden of proving bias, and I find substantial evidence supports the ALJ's disability determination. *See McCrea v. Astrue,* 407 Fed.Appx. 394, 397 (11th Cir. 2011) (finding ALJ's statements during hearing as to effect of plaintiff's drug use did not show ALJ was biased against plaintiff such that he did not receive full and fair hearing); *See generally Kruse v. Astrue*, 436 Fed.Appx. 879, 887 (10th Cir. 2011) (concluding plaintiff failed to demonstrate ALJ biased against her failure to quit smoking); *Strong v. Social Security Admin.*, 88 Fed.Appx. 841, 847 (6th Cir. 2004) (finding no improper prejudice where ALJ verified claimant knew smoking unhealthy and elicited testimony about how much she spent on cigarettes despite repeated advice from doctors to quit smoking).

    *D. Conclusion*

    For the reasons stated, it is hereby

    RECOMMENDED:

    1.    The Plaintiff's complaint be dismissed, and the Commissioner's decision be affirmed.

    IT IS SO REPORTED at Tampa, Florida on January 30, 2014.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).